IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ETNA PROPERTIES, LLC and SQUARE ONE RECOVERY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLADAY CITY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [18] MOTION FOR SUMMARY JUDGMENT AND DENYING [21] MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-00980-DBB-CMR<br><br>District Judge David Barlow |

Before the Court are Defendant Holladay City's ("the City") Motion for Summary Judgment[1] and Plaintiffs' Motion for Partial Summary Judgment.[2] The City asks the Court to dismiss Plaintiffs' Complaint with prejudice in its entirety.[3] Plaintiffs concede that summary judgment is proper as to their first cause of action, asserting that Holladay City Code § 13.98.020 facially violates the Fair Housing Act, and as to their second cause of action, alleging that § 13.98.020 had a disparate impact on disabled persons.[4] However, Plaintiffs oppose summary judgment as to their third cause of action, which alleges that the City's delay in granting Plaintiffs' requested accommodation constituted a constructive denial of a reasonable accommodation, in violation of the Fair Housing Act.[5] Instead, Plaintiffs' Motion for Partial

---

[1] Holladay City's Motion for Summary Judgment ("Motion"), ECF No. 18, filed April 30, 2019.

[2] Plaintiffs Etna Properties and Square One Recovery's Motion for Partial Summary Judgment ("Plaintiffs' Motion"), ECF No. 21, filed May 2, 2019.

[3] *Id.* at 1.

[4] Memorandum in Opposition to Holladay's Motion for Summary Judgment ("Opp'n") at 5, ECF No. 34, filed November 4, 2019.

[5] *Id.*

1

Summary Judgment asks the Court to grant them summary judgment on their third cause of action. Because the requested accommodation was not "necessary" under the FHA, the Court GRANTS Defendant's Motion for Summary Judgment. Consequently, the Court DENIES Plaintiffs' Motion for Partial Summary Judgment as to their third cause of action.[6]

## FACTS

Plaintiff SquareOne, LLC ("SquareOne") creates and operates inpatient facilities for the treatment of substance abuse.[7] In 2016, SquareOne contracted to purchase a house and property located in Holladay from Etna Properties, LLC ("Etna"), which SquareOne intended to turn into one of its treatment facilities.[8] The zoning area where the property is located permits up to four unrelated people, plus their minor children, to live in a single dwelling.[9] The Holladay City Code ("City Code") provides an exception to this zoning rule for residential facilities for persons with disabilities, permitting up to six residents at such facilities.[10] The same City Code section also allows for other reasonable accommodations necessary to "allow the establishment or occupancy of a residential facility for person(s) with a disability."[11]

In October 2016, Etna and Square One requested a "reasonable accommodation" from the City to allow their proposed substance abuse treatment facility to house twelve unrelated residents, rather than six.[12] The stated reason for this accommodation was financial—it would

---

[6] Plaintiffs' Motion, ECF No. 21, filed May 2, 2019.
[7] Complaint ("Compl.") at 2, ECF No. 2, filed August 30, 2017.
[8] *Id.*
[9] Compl. at 2–3; Holladay City Code ("City Code"), Chapter 13.04 at 13, 42, ECF No. 18-2, filed April 30, 2019.
[10] City Code at 66.
[11] *Id.* at 67.
[12] Compl. at 3–4.

not be economically feasible for SquareOne to operate the facility with only six residents.[13] The City took approximately eleven months to approve the request for accommodation, but did so on September 8, 2017.[14] However, by this time, SquareOne had lost necessary investors and funding for the proposed facility.[15]

Plaintiffs allege that the eleven-month period between their submission of the reasonable accommodation request and the City's granting it was a constructive denial of the request for accommodation, thus violating the Fair Housing Act's prohibition of discrimination against persons with handicaps.[16]

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[18] In determining whether there is a genuine dispute as to material fact, the court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."[19] Only facts "essential to the proper disposition of a claim" qualify as

---

[13] Reasonable Accommodation Letter, ECF No. 21-4, filed May 2, 2019.

[14] Reply in Support of Holladay City's Motion for Summary Judgment ("Reply") at 9, ECF No. 39, filed December 20, 2019.

[15] Plaintiffs' Motion at 12.

[16] *Id.*

[17] Fed. R. Civ. P. 56(a).

[18] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[19] *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (quoting *Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012)).

material.[20] The Court therefore focuses on whether reasonable jurors "can properly proceed to find a verdict for the party … upon whom the onus of proof is imposed."[21]

## DISCUSSION

### The Requested Accommodation Was Not Necessary

The Fair Housing Act makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available."[22] Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."[23] Here, Plaintiffs claim that although the City did eventually grant the requested accommodation to permit twelve residents at the proposed Square One facility, the eleven-month delay from application to approval constituted a constructive denial of the accommodation.[24] Plaintiffs do not allege that individuals with substance abuse addiction could not use the house as a dwelling without accommodation.[25] Neither do they provide evidence that the individuals they wish to treat cannot obtain treatment

---

[20] *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).

[21] *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986) (internal quotations omitted)).

[22] 42 U.S.C.A. § 3604(f)(1).

[23] *Id.* at (f)(3)(B). The Fair Housing Act, in relevant part, defines "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families." 42 U.S.C.A. § 3602(b). The parties do not dispute, and the evidentiary record is insufficient for the court to determine, whether the proposed facility would qualify as a "dwelling."

[24] Plaintiffs' Motion at 16.

[25] *See Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012) (stating FHA accommodations provide individuals with disabilities equal opportunity "*to live* in . . . housing facilities") (emphasis added), *Haws v. Norman*, No. 2:15-CV-00422-EJF, 2017 WL 4221064, at *6 (D. Utah Sept. 20, 2017) (finding issue of fact as to whether emotional support dog was necessary for plaintiff to live in an apartment).

4

without the accommodation sought.[26] Instead, Plaintiffs essentially assert that their particular business model will not work at this specific house unless they are permitted to provide their services to up to twelve unrelated individuals.

The Tenth Circuit has found that "the object of the statute's necessity requirement is a level playing field for the disabled."[27] "The point of the reasonable accommodation mandate" is to "require changes in otherwise neutral policies that preclude the disabled from obtaining "the *same* . . . opportunities that those without disabilities automatically enjoy." "[28] However, the level playing field for housing opportunities required by the FHA does not mandate "*more* or *better* opportunities."[29] In *Cinnamon Hills*, the operators of a residential treatment facility for disabled youth wanted to create a new residential facility on the top floor of a motel, in an area where the zoning both disallowed any residential use and prohibited anyone from staying in a motel for longer than 29 days.[30] In deciding that the city had not violated the FHA by denying the requested zoning variance, the court held, "[W]hen there is no comparable housing opportunity for non-disabled people, the failure to create an opportunity for disabled people cannot be called necessary to achieve equality of opportunity in any sense."[31] Similarly, this court has held that where a city's zoning ordinance disallowed *any* group living arrangements in an area, an accommodation increasing the number of residents allowed in a treatment facility for

---

[26] *See Recovery Landholdings, LLC v. City of S. Ogden*, No. 1:17-CV-152 TS, 2019 WL 1489003, at *6 (D. Utah Apr. 4, 2019) (stating plaintiff provided no evidence that treatment in larger groups than zoning permitted was medically necessary, but such evidence would not have been of "paramount importance" to residents' ability to *enjoy a dwelling*) (emphasis added).

[27] *Cinnamon Hills*, 685 F.3d at 923.

[28] *Id.* (quoting *U.S. Airways Inc. v. Barnett*, 535 U.S. 391, 397–98 (2002)).

[29] *Id.*

[30] *Id.* at 920.

[31] *Id.* at 923.

the disabled from eight to twelve was not necessary to achieve "equality of opportunity" in housing between disabled and non-disabled people.[32]

The facts of this case are comparable. The City Code permits no more than four unrelated individuals and their minor children, if any, to live together in a single housekeeping unit.[33] However, residential facilities for persons with disabilities already receive some preferential treatment under the City Code, because the maximum number of residents increases to six unrelated people.[34] The additional accommodation that Plaintiffs asked for is not "necessary" to create a level playing field or to ensure that people with disabilities receive the same housing opportunities as everyone else; instead, the requested accommodation would grant the disabled residents of Square One's facility a group housing opportunity not available to anyone else in that particular zone. Therefore, even had the City denied the accommodation request (constructively or otherwise), they would not have been in violation of the FHA's prohibition on discrimination against persons with disabilities.

Because the Court finds that the requested accommodation was not necessary to ensure equal opportunity for persons with disabilities to use and enjoy housing, as required under the FHA, it is not necessary to reach the question of constructive denial. Even viewing the facts in the light most favorable to Plaintiffs, there is no genuine dispute of material fact in this case, and the City is entitled to judgment as a matter of law.[35]

---

[32] *Harper v. Lindon City*, No. 2:18-CV-00772-DAK, 2019 WL 2188910, at *6 (D. Utah May 21, 2019), see also *Recovery Landholdings*, 2019 WL 1489003, at *6 (increase in number of disabled residents at treatment facility from twenty to thirty-two, where this number of unrelated residents in one home was unavailable to non-disabled people, was not a necessary accommodation to allow persons with disabilities equal opportunity to enjoy a dwelling).

[33] City Code at 13, 42.

[34] *Id.* at 66.

## CONCLUSION

Because the Court finds that no genuine dispute of material fact exists in this case, Defendant's Motion for Summary Judgment is GRANTED. Consequently, Plaintiffs' Motion for Partial Summary Judgment as to their third cause of action is DENIED. The clerk of court is directed to close this case.

Signed March 13, 2020.

BY THE COURT

_____
David Barlow
United States District Judge